WM. FLEISCHAKER, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FLEISCHAKER'S, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 6432, 3369.    Promulgated June 17, 1927.

Under the facts in this case, petitioners' income should be determined on the accrual basis.

*Milo A. Lang, Esq.*, for the petitioners.
*John D. Foley, Esq.*, for the respondent.

The petitioners in the above-entitled proceedings are seeking the redetermination of deficiencies in the amount of $245.71 in the case of Fleischaker's for 1917, and in the amounts of $608.33 for 1918, and $1,903.90 for 1919 in the case of Wm. Fleischaker. The two proceedings were consolidated for the purpose of hearing and decision. The question raised in both proceedings is whether the petitioners correctly reported their income upon the basis of cash receipts and disbursements.

### FINDINGS OF FACT.

The petitioner, Fleischaker's, is a partnership with its principal office in Joplin, Mo.. During 1917 the partners were William Fleischaker, the petitioner, and Isadore Fleischaker.

Fleischaker's filed its return for 1917 on the basis of cash receipts and disbursements. The respondent, upon a reaudit of the return, determined the tax liability upon the accrual basis, which increased the tax liability resulting in the deficiency.

During 1918 and up until July 1, 1919, William Fleischaker was a member of the partnership operating as Fleischaker's, and from July, 1919, until the end of that calendar year, he operated as an individual.

The partnership of Fleischaker's was engaged in the merchandise business operating a ladies' ready-to-wear store in Joplin, Mo. Isadore Fleischaker was also a member of other partnerships operating stores in other places.

### OPINION.

TRAMMELL: The respondent held that the partnership of Fleischaker's should have reported its income upon the accrual basis and determined its tax liability upon that basis. Testimony was introduced by the petitioner for the purpose of showing that the books of account of Fleischaker's were kept upon the basis of cash receipts

and disbursements. There was introduced in evidence a check book showing the stubs of checks written, a cash book showing cash received and paid out, and a book showing the sales between the different partnerships in which Fleischaker was interested and identified. William Fleischaker was a witness at the hearing but was not asked, and did not testify, whether the books and records introduced in evidence constituted all the books and records kept and maintained by the partnership during the years involved. Counsel for the petitioners admitted that inventories were kept of merchandise on hand and that resort was had to these inventories for the purpose of determining taxable income, but they were not offered in evidence. A revenue agent's report was introduced in evidence by the petitioner for the purpose of showing the basis used by the respondent in determining the deficiency. This report indicates that the cost of goods sold during the year was determined by the partnership by the use of inventories. The revenue agent's report makes allowance for bad debts charged off during the taxable year and also shows as liabilities accounts payable. It is not disclosed from what books or records the revenue agent obtained these accounts. It would indicate, however, that other books and records were kept than those introduced in evidence by the petitioner and that the accrual basis of reporting income was used.

The presumption is that the determination of the respondent is correct, and the evidence introduced by the petitioners does not overcome that presumption.

In the petitions filed in these proceedings it was alleged that Fleischaker's was a partnership composed of William Fleischaker and Isadore Fleischaker. This allegation in each of the petitions was admitted in the answers of the respondent. Testimony, however, was introduced to the effect that the partnership was what was called a working partnership and that William Fleischaker owned the assets and Isadore Fleischaker performed services for which he was to receive a portion of the profits. In the brief filed the petitioners contend that Fleischaker's was not a partnership. The pleadings, however, were not amended to raise the issue of the partnership and for that reason we do not consider the question. If we were called upon to decide the question, the testimony is too uncertain, indefinite, and unconvincing to warrant us in finding that the allegations made in the petitions and admitted in the answers are not true.

> *Judgment will be entered for the respondent. The deficiency for 1917 in the case of Fleischaker's is $245.71, and in the case of Wm. Fleischaker the deficiency for 1918 is $608.33, and for 1919 is $1,903.90.*